```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/16/14
```

Schindlin, S.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: GEROVA FINANCIAL GROUP, LTD. SECURITIES LITIGATION<br><br>This document relates to: | CASE No.: 11-md-2275-SAS<br>ECF CASE |
| In re STILLWATER CAPITAL PARTNERS INC. LITIGATION | No.11-CV-2737-SAS<br><br>ECF CASE |
| MARGIE GOLDBERG, ET AL., Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GEROVA FINANCIAL GROUP, LTD., ET AL.,<br><br>Defendants. | No. 11-CV-7107-SAS<br><br>ECF CASE |

### [PROPOSED] ORDER AUTHORIZING DISBURSEMENT OF THE NET SETTLEMENT FUND

WHEREAS, by its Final Order and Judgment dated June 10, 2014, this Court approved the terms of the Stipulation and Agreement of Settlement dated February 4, 2014 (the "Stipulation") and the Plan of Allocation for distributing the settlement proceeds to Class Members;

WHEREAS, the Court has approved the Plan of Allocation as a fair and reasonable method to calculate claims of Settlement Class Members and to allocate the Net Settlement Fund and distribute it to Settlement Class Members;

WHEREAS, the Court has ordered that the Settlement Fund, after payment of the fees, costs and expenses in administering the settlement, taxes and tax expenses on the income earned on the settlement fund, and any award of attorneys' fees and expenses (i.e., the net settlement

fund), shall be distributed to all Settlement Class Members who submit valid and timely verification of claim as described in the Notice, in the amounts calculated pursuant to the Plan of Allocation. Such distribution shall occur as soon as practicable after the completion of the review and verification of the verification of claim forms and the submission of an appropriate order directing the distribution to the members of the Class;

WHEREAS, Counsel now seeks authorization to distribute the proceeds of the Net Settlement Fund to Authorized Claimants;

WHEREAS, for notice and administration fees and expenses, GlassRatner Advisory & Capital Group, LLC ("GlassRatner") seeks to be paid $58,785 from the Settlement Fund as final payment for its fees and expenses;

WHEREAS, the settlement fund, as of May 20, 2014, is valued at approximately $5,035,091 in cash, including interest; and

WHEREAS, this Court has retained jurisdiction of this Action for the purpose of considering any further application or matter which may arise in connection with the administration and execution of the Settlement and the processing of Verification of Claim and the distribution of the Net Settlement Fund to the Authorized Claimants;

NOW, THEREFORE, upon consideration of the Lead Plaintiff's Unopposed Motion for an Order Authorizing Disbursement of the Net Settlement Fund, and the Declaration of Evan Blum dated September 16, 2014, and good cause appearing and upon all prior proceedings heretofore had herein, and after due deliberation, it is hereby:

ORDERED, that the determinations made by GlassRatner concerning the acceptance or rejection of claims, its guidelines and methodology for approving claims, calculating Recognized

Claims under the Plan of Allocation previously approved by the Court are appropriate and shall be applied; and it is further

ORDERED, that payment be made from the Settlement Fund to the Internal Revenue Service for the proper amount of taxes due and owing on the interest earned on the Settlement Fund while in escrow, if any; and it is further

ORDERED, that GlassRatner be paid the sum of $58,785 from the Settlement Fund as final payment for its fees and expenses. This includes all fees and expenses incurred, or to be incurred, in connection with the dissemination of the notice, analysis of claims and distribution of the Settlement; and it is further

ORDERED, that the balance of the Settlement Fund after deducting payments previously allowed and set forth herein (the "Net Settlement Fund") shall be distributed to the Authorized Claimants set forth listed on the computer printout submitted with the Affidavit of Evan Blum under the proposed Plan of Allocation in proportion to each Authorized Claimant's Recognized Claim as compared to the total Recognized Claims of all accepted claimants; and it is further

ORDERED, that the checks for distribution to the Authorized Claimants shall bear the notation "DEPOSIT PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION IF NOT NEGOTIATED WITHIN 60 DAYS OF DISTRIBUTION." Counsel and GlassRatner are authorized to take appropriate action to locate and/or contact any Authorized Claimant who has not cashed his, her or its check within said time; and it is further

ORDERED, that, six (6) months after the initial distribution, any funds remaining in the Net Settlement Fund, by reason of uncashed checks, or otherwise, after the GlassRatner has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks shall be used: (a)

first, to pay any amounts mistakenly omitted from the initial distribution to Authorized Claimants, (b) second, to pay any reasonable additional settlement administration fees and expenses, and (c) finally, to make a subsequent distributions to Authorized Claimants who cashed their checks from the initial distribution, after payment of the estimated costs or fees to be incurred in administering the Net Settlement Fund and in making this subsequent distributions, if such distributions are economically feasible; and it is further

ORDERED, that this Court retains jurisdiction over any further application or matter which may arise in connection with this Action.

DATED: Oct. 15, 2014

_____
HONORABLE SHIRA A. SCHEINDLIN
UNITED STATES DISTRICT JUDGE